196 So.2d 839 (1967)
Robert R. MOORE, Plaintiff-Appellant,
v.
T. L. EVANS, Defendant-Appellee.
No. 1951.
Court of Appeal of Louisiana, Third Circuit.
March 21, 1967.
Rehearing Denied April 12, 1967.
Kierr & Gainsburgh, by Harvey J. Lewis, New Orleans, for plaintiff-appellant.
Fredric G. Hayes, Lafayette, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
SAVOY, Judge.
Plaintiff, a resident of Harris County, Texas, filed a suit against defendant, a resident of Lafayette Parish, Louisiana, in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana, to have a judgment rendered in Texas for the plaintiff and against defendant recognized in this State and made executory. A certified copy of the judgment was attached to the petition, together with the usual certificate as to the authenticity of the judgment signed by the Clerk and the judge of Harris County, Texas, where the Texas judgment was obtained against defendant.
Defendant in the instant case filed exceptions of no cause and no right of action on the basis that personal service had not been made on defendant, a resident of the State of Louisiana, and it was therefore null. This exception was overruled.
Defendant then filed a second exception in this case on the following grounds: (1) that service in the Texas judgment was by substituted service on the defendant by serving the Secretary of State of the State of Texas; (2) that the judgment sought to be enforced in the instant case declares that the State of Texas has jurisdiction over defendant by virtue of the fact that he signed a promissory note payable to plaintiff in Texas; and (3) that Section 4 of the Texas statute under which substituted service was made is violative of the due process clause of the Fourteenth Amendment of the Constitution of the United States. Counsel for plaintiff filed a motion to strike which was overruled by the trial judge, and he then maintained the exception and dismissed plaintiff's suit. This appeal followed.
Counsel for defendant has not filed a brief or appeared to argue the case. It is the understanding of this Court that counsel has been ill and could not appear on the date fixed for hearing in this Court.
In support of his position he does cite in his second exception the case of Lone Star Motor Import, Inc. v. Citroen Cars *840 Corp., D.C., 185 F.Supp. 48, in which the district court did hold that Section 4 of Article 2031b of Vernon's Texas Civil Statutes Annotated was violative of the due process clause of the Fourteenth Amendment of the Constitution of the United States.
Section 4 of the above cited article provides that a non-resident "shall be deemed doing business in this State by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State * *."
The above cited case was appealed to the Fifth Circuit Court of Appeals and that court observed that after the dismissal of the suit plaintiff attempted to amend its petition by alleging a number of detailed activities showing an actual course of dealing by the non-resident corporate defendant within the State of Texas. The appellate court held that the trial judge should have allowed the amendment, for the factual allegations showed ample actual activity of the corporate defendant within the State of Texas. The court reversed and remanded the case, stating it was not necessary to rule on the constitutional question decided by the trial judge. (288 F.2d 69.)
On the trial of the exception in the instant case the evidence reveals that the note sued on was executed by Geophysical Exploration Company, T. L. Evans and I. J. Anderson. It was signed by defendant Evans in Lafayette, Louisiana, but it provided that it was payable in Houston, Texas. The evidence shows that defendant was a stockholder in Givis Exploration Company, that he was a director of that company and that he made several business trips to Texas on behalf of that company in connection with litigation concerning it. We have no way of knowing whether Givis Exploration Company and Geophysical Exploration Company are one and the same, or whether there is any business relationship between them. There is no showing that defendant did anything in connection with the note sued on except signing it as a co-maker in Louisiana. While we are aware that the case of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, has been modified if not overruled by International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, which held that a court can exercise jurisdiction over a nonresident on causes of action arising out of business conducted in the forum state and that due process under the Fourteenth Amendment of the United States Constitution requires only that in order to subject a defendant to a personal judgment, if he be not present within the territory of the forum, that he have certain minimum contacts within the forum state, nevertheless, we are of the opinion that plaintiff has not shown that defendant conducted any business in Texas so as to bring him within the doctrine of the International Shoe Co. case, supra.
In the case of Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed. 2d 1283, the Court stated that as to minimal contacts necessary to sustain jurisdiction, "* * * it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."
We are of the further opinion that Section 4 of Article 2031b of Vernon's Texas Civil Statutes Annotated is unconstitutional insofar as it gives the Texas courts jurisdiction over defendant for a note signed in Louisiana but payable in Texas.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.