BOUTALL, Judge.
This case comes before the court on appeal from a trial court judgment sustaining the defendant’s declinatory exception of lack of jurisdiction over the person and thus, dismissing plaintiff’s suit as to the defendant.
An examination of the trial court record reveals that initially the plaintiff, a dentist sued Philip Wogan and his divorced wife, Mrs. Amelia Duncan Wogan, for dental services performed on Mrs. Wogan, a resident or Orleans Parish, in the amount of $4,205.00. In plaintiff’s original petition it is alleged that the defendant, Philip Wogan, is domiciled in Texas and that he is a nonresident of Louisiana but that he maintains an office in Louisiana. Plaintiff thus contends that defendant Philip Wogan is transacting business in the state, as contemplated within LSA-R.S. 13:3201, and is subject to the lower court’s jurisdiction.
Accordingly, on February 16, 1970, plaintiff, through certified mail, cited the defendant, Philip Wogan, which service was effected on February 18, 1970. Defendant’s response was the filing of the declinatory exception of lack of jurisdiction in per-sonam on March 3, 1970.
On March 30, 1970, Mrs. Wogan, the co-defendant in the original petition, filed a dilatory exception of vagueness.
The plaintiff, on April 6, 1970, filed a motion to fix a trial date on these two exceptions. Trial was set for April 24, 1970; on which date, plaintiff was granted leave of court to file an amended petition to correct the vagueness alleged by the co-defendant below. Trial on the declinatory exception was had on April 24, 1970, and judgment was rendered and signed in open court on April 28, 1970, maintaining this exception. A devolutive appeal was taken by the plaintiff as to this judgment on July 9, 1970.
Subsequently, the co-defendant in the original petition, Mrs. Wogan, filed an answer to the plaintiff’s first amended petition, and a third party demand on Philip Wogan. As a result of this third party demand Philip Wogan, while in the state, was personally served at the office he maintains in Plaquemines Parish on June 3, 1970. To this third party demand, defendant filed an exception of lack'of jurisdiction in per-sonam which exception was later abandoned, and thereafter he filed other pleadings.
The plaintiff then filed a second amended petition alleging that Philip Wogan is now a resident of the State of Louisiana, and was aware of, acquiesced to, and ratified the said dental services.
In this appeal, plaintiff contends that the trial court erred in maintaining the exception of jurisdiction, and additionally he contends that, as a result of these herein- *898 above outlined proceedings which followed the rendition of judgment of the lower court, said judgment is now moot and should be annulled, and the case remanded for trial on the merits.
Before proceeding to a consideration of the merits of the exception, we will dispose of the plaintiff’s contention that the lower court’s judgment is now moot. The basis for this contention is LSA-C.C.P. art. 6(1) which bases personal jurisdiction on service of process; which requirement has been met, according to plaintiff, by the personal service obtained on Philip Wogan as the result of Mr?. Wogan’s third party demand on the defendant.
However, that article defines jurisdiction as the power of the court to render a personal judgment against a party. Our system of procedure requires that there be service of a copy of the petition together with citation in order to permit plaintiff to proceed to judgment. LSA-C.C.P. art. 1201. The third party demand is an entirely different matter and service of third party petition and citation thereof can be effective only for the purpose of obtaining a judgment on the third party demand. It obviously cannot provide the requirements necessary to judgment on the original demand.
Nor is the submission to jurisdiction on the third party demand a waiver of Philip Wogan’s right to except to the jurisdiction as it relates to the original demand. At that time the principal demand was already dismissed against Philip Wogan and appeal taken by plaintiff. LSA-C.C.P. art. 2088 provides that the jurisdiction of the trial court over the case, in this instance, as it relates to the declinatory exception, shall be divested, and that of the appellate court shall attach, upon the timely filing of the appeal bond in the trial court. Since the trial court was already divested of jurisdiction, it can hardly be contended that exceptor’s later appearance in the third party action could constitute an appearance in the main demand.
The same is true of the effect of the second amended petition wherein plaintiff alleges Mr. Wogan now to be domiciled in Louisiana. The enumerated provisions which relate to divestment of jurisdiction as set forth in this article in no manner encompass the submission of amended pleadings that would affect the issue presently before the appeal court once appellate jurisdiction attaches. The second amended petition then is of no moment as to the exception sustained in the lower court. We consider that the additional proceedings are not at issue in this appeal and the specific allegation that Philip Wogan is now a resident of Louisiana and domiciled in the Parish of Plaquemines is not properly an inquiry for this court to make within the bounds of this appeal.
The primary issue presented on this appeal is whether the trial judge erred in sustaining the exception filed by defendant, Philip Wogan, and dismissing the suit as to this defendant.
An examination of the trial record reveals that plaintiff alleged in paragraph IV of his original petition, the following:
' “The Defendant, Philip B. Wogan, is a resident of and a citizen of the State of Texas. His last known office mailing address is 4101 San Jacinto, Houston, Texas, 77004. His last known home mailing address is 5131 Dolliver Street, Houston, Texas. He is not domiciled or residing in the State of Louisiana, and he has not appointed an agent for service of process in the State of Louisiana; however, he maintains an office in the State of Louisiana with Products Research Service, Inc., at 701 Main Street, Belle Chasse, Louisiana. Consequently, it is necessary the [sic] the Defendant, Philip B. Wogan, be served as a nonresident under the provisions of LSA-R.S. 13:3201-07.”
Pursuant to the allegations contained in the petition, service of process and citation was effected on Philip Wogan by certified mail on February 18, 1970, in accord with the *899 provisions of LSA-R.S. 13:3204. Philip Wogan thereupon filed a declinatory exception alleging, lack of jurisdiction in personam.
The plaintiff cites LSA-R.S. 13:3201 (a) as the controlling statute in allowing the court to exercise personal jurisdiction over Philip Wogan, which statute states:
“§ 3201 Personal jurisdiction over nonresidents
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
(a) transacting any business in this state; * *
While the rationale behind this statute is to permit the courts of this state to tap the full potential of jurisdiction in per-sonam over nonresidents permitted by International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945); and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), only a cause of action arising from acts of omissions enumerated in the statute may be asserted against him, as provided in LSA-R.S. 13:3202:
“Only cause of action mentioned in R.S. 13:3201 may be asserted
When personal jurisdiction over a nonresident is based solely upon R.S. 13:3201, only a cause of action arising from acts or omissions enumerated therein may be asserted against him. Added Acts 1964, No. 47, § 3.”
In considering plaintiff’s argument under LSA-R.S. 13:3201 (a) we look now to the comments of the Louisiana State Law Institute, found printed below the text of the “long arm” statute:
“(d) ‘Transacting business’, as used in Subdivision (a), is a term which is much broader than ‘doing business’ as defined by earlier Louisiana cases, and the phrase ‘does * * * business’ of Subdivision (d) conferring personal jurisdiction over a nonresident on a cause of action arising ex delicto or quasi ex delicto. It is intended to mean a single transaction of either interstate or intrastate business, and to be as broad as the phrase ‘engaged in a business activity’ of R.S. 13:3471(1).”
In refutation of plaintiff’s contentions, counsel for defendant argues that the alleged cause of action sued upon did not arise out of the transaction of any business by defendant in this state as contemplated by the applicable statute. Indeed, plaintiff does not allege that this cause of action grew out of any business activity of the defendant relating to Products Research Service, Inc., which has an office in this state.
Our attention is therefore focused on the determination of whether the services rendered by a dentist to the separated and subsequently divorced wife of a nonresident constitute “transacting any business” on the defendant’s part, giving rise to this cause of action under LSA-R.S. 13 ¡3201.
On June 8, 1965, Mr. and Mrs. Wogan, then domiciled in the Parish of Orleans, separated. Mr. Wogan changed his domicile to Houston, Texas. On February 10, 1967, a petition for separation was filed and a judgment of separation rendered March 28, 1967, by the Civil District Court for the Parish of Orleans (Docket No. 459-637); which judgment has the retroactive effect of ending the community from the date of filing said petition. A final judgment of divorce was rendered by the Civil District Court for the Parish of Orleans on October 4, 1967. (Docket No. 464 — 520).
Upon further examination of the trial court record for purposes of this appeal, there are no allegations presented which point to any contact between plaintiff and Philip Wogan. Plaintiff does not allege that he and the defendant, Philip Wogan, entered into any contract for such services. *900 As the record reveals, Philip Wogan had no contact nor any dealings with Dr. Abram H. Diaz regarding said dental services so as to satisfy the requirements of LSA-R.S. 13:3201-02.
We perceive no basis for holding that Philip Wogan has transacted any business in Louisiana on the basis of Mrs. Amelia Duncan Wogan contracting for personal dental work and refer to Moore v. Evans, 196 So.2d 839, 840 (La.App.3rd Cir., 1967; writ refused), wherein the court held:
“While we are aware that the case of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, has been modified if not overruled by International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, which held that a court can exercise jurisdiction over a nonresident on causes of action arising out of business conducted in the forum state and that due process under the Fourteenth Amendment of the United States Constitution requires only that in order to subject a defendant to a personal judgment, if he be not present within the territory of the forum, that he have certain minimum contracts within the forum state, nevertheless, we are of the opinion that plaintiff has not shown the defendant conducted any business in Texas so as to bring him within the doctrine of the International Shoe Co. case, supra.”
Plaintiff’s counsel suggests that the issues of jurisdiction and cause of action are so intermingled that the trial court should not have rendered a decision on the argument of the exception, but should have referred this exception to trial on the merits. To pass on this contention, we read LSA-C.C.P. arts. 928, 929 and 930 and conclude that the defendant properly filed his declinatory exception, the court then correctly tried and decided the exception in advance of the case. As to the plaintiff’s position that exceptor introduced no evidence to establish proof of the allegations of his exception, since the grounds urged by exceptor appeared on the face of the plaintiff’s petition there existed no necessity of introducing evidence to support the exception as exceptor, by this action, accepted the facts pleaded as true. Plaintiff had equal opportunity to controvert these facts by introducing evidence to support his contention that the exception should be overruled.
Accordingly, for the reasons hereinabove assigned, the judgment of the trial court is affirmed and costs assigned to the plaintiff-appellant.
Affirmed.