LEMMON, Judge.
Plaintiff has appealed from a judgment dismissing its suit on a promissory note on an exception to the jurisdiction over the person.
Prior to 1968 H. L. Rowley, maker of the note, was a resident of Louisiana and was president of H.' L. Rowley, Inc. (HLR, Inc.), a Louisiana corporation whose entire stock was owned by Rowley, his wife and their child. In August, 1967 HLR, Inc. employed plaintiff, also a Louisiana corporation, to perform dredging services on land in Louisiana leased to HLR, Inc. An invoice for these services was rendered the following month.
HLR, Inc. ultimately went out of business, and in April, 1968 Rowley moved to Mississippi. Because of his personal friendship with the officers of plaintiff corporation, Rowley thereafter agreed to furnish a promissory note making himself personally liable for the corporate debt, and further agreed to pay the interest periodically and to pay the principal as soon as he was financially able to do so. He executed the note in January, 1969, at which time he was still a resident of Mississippi, and mailed the note from Mississippi to plaintiff in Louisiana. He made three interest payments thereafter, the last on January 21, 1971, but was unable to make any further payments. ■
In the fall of 1970 Rowley moved back to New Orleans “temporarily”, then returned to Mississippi until 1975, when he moved to Ohio. This suit was filed in February, 1975, and service by certified mail was obtained in Ohio pursuant to R.S. 13:3201 et seq., the long-arm statute.
R.S. 13:3201 et seq. was designed to allow Louisiana courts the broadest basis for exercising personal jurisdiction over nonresidents which is constitutionally permissible. Adcock v. Surety Research & Inv. Corp., 344 So.2d 969 (La.1977). The applicable standard is that the nonresident must have certain minimum contacts so that a suit against the nonresident does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
R.S. 13:3201 et seq. authorizes a Louisiana court to exercise personal jurisdiction over a nonresident only as to a cause of action arising from the nonresident’s activity or conduct in this state. The cause of action herein sued upon involves Rowley’s execution of a promissory note purporting to make him liable for an already incurred debt of a third party. At the time of execution (which is the first time any cause of action against Rowley accrued) Rowley was a nonresident, and the transaction giving rise to the cause of action (the execution of the note) occurred in Mississippi.[1]
*595 We hold that the conduct or activity by the nonresident which gave rise to a cause of action against him individually simply does not bear a sufficient relationship with this state for our courts to exercise jurisdiction over the nonresident.
The judgment is affirmed.

AFFIRMED.

. Arguably a state has jurisdiction over the nonresident maker of a note when the note specifies performance in that state. However, the note in this case did not specify a place for payment, in which case presentment (demand for payment) is to be made at the place of business or residence of the maker. R.S. 10:3-504(2)(c). See, however, Moore v. Evans, 196 So.2d 839 (La.App. 3rd Cir. 1967).