REDMANN, Judge.
In 1970 Gulf Building Services, Inc. merged into Macke Building Services, Inc. At that time Gulf was involved in litigation (Lou-Con, Inc. v. Gulf Buildings Svcs., La. App. 4 Cir. 1973, 287 So.2d 192, writs refused, La., 290 So.2d 899 & 901) arising out of the 1968 destruction by a Gulf employee of a Gulf customer’s building. When that litigation’s judgment became definitive in 1974, Gulf brought this action against its insurer for damages from failure to settle under its liability policy, for benefits under an employee dishonesty policy, and for the value of a suspensive appeal bond provided by two individuals. Gulf now appeals from a dismissal on an exception of no right of action (“or no interest in the plaintiff”, La.C.C.P. 927(5)), which alleged as grounds plaintiff’s non-existence as a separate corporation. Gulf asks leave to amend.
This appeal could allegedly present several questions, including a definition of a “claim existing”, which La.R.S. 12:115 E allows a merged corporation to prosecute, as well as questions of the relationship between personal sureties on an appeal bond for a corporation and its insurer and the effect of those sureties’ paying the uninsured portion of the judgment. We deem it — especially in the absence from the record of evidence apparently referred to by the trial court — inappropriate to discuss any of these questions when plaintiff only asks leave to amend. We hold only that in the case of a petition by a merged corporation asserting a claim under a premerger contract, a judgment maintaining an exception of no right of action (on the grounds that the merged corporation is no longer a “person” at interest, C.C.P. 681, and that the claim was not “existing” within R.S. 12:115 E at the time of the merger) should, rather than dismiss the petition, order amendment to substitute as plaintiff the corporation which survived the merger.
An amendment to substitute the surviving corporation removes the grounds of the exception and thus is one the court “shall order” under C.C.P. 934. That article’s *872 Comment notes that “this article authorizes the trial judge to permit amendment of the petition whenever possible and whenever dismissal of the suit would not be in the interests of justice.” Here, the very fact of the petition’s being filed notifies the defendant that some existing human person is attempting either for himself or for some other person to assert a clearly identified contractual claim against the defendant. That existing human person’s naming as plaintiff a corporation non-existent as such (because merged into a second corporation) is akin to naming a dead man as plaintiff. Substitution has been allowed in a petition filed in the name of a dead man, in Nini v. Sanford Brothers, Inc., La.1973, 276 So.2d 262, which noted that the more basic question is, ordinarily, whether prescription is interrupted by the original petition. Holding that it is, the court reasoned, at 266, “That the plaintiff lacks the capacity to sue, for whatever reason, does not mean that.no suit would exist.” See also Simms v. Braren, La.App. 4 Cir. 1971, 552 So.2d 459.
The merged corporation is not altogether dead as a party litigant because R.S. 12:115 E allows it to sue and be sued in some circumstances. In the absence of those circumstances, the cases of the dead plaintiff seem closely analogous. We conclude that the amendment is permissible and should have been allowed by the trial court.
The judgment is amended to allow amendment to the petition within a time to be fixed by the trial judge. Costs are to await final outcome.