Judy Jenkins COLE, et al.

v.

CATERPILLAR MACHINERY CORP., et al.

Civ. A. No. 82–0583–A.

United States District Court,
M.D. Louisiana.

March 23, 1983.

Samuel C. Cashio, Maringouin, La., for plaintiffs.

C.G. Norwood, Jr., McGlinchey, Stafford, Mintz & Cellini, New Orleans, La., for defendants.

JOHN V. PARKER, Chief Judge.

The plaintiffs, Judy Jenkins Cole, Leonard Wayne Cole, and Janet Cole Edwards brought this wrongful death action against defendants Caterpillar Machinery Corp., now merged into Caterpillar Americas Corporation, and Caterpillar Tractor Co. in the Eighteenth Judicial District Court for the Parish of Pointe Coupee, Louisiana. The petitioner alleges that decedent, Leonard Cole, was killed on June 25, 1981, in Lyon County, Minnesota, when he was trying to unload a "583" Caterpillar Side-Boom Tractor which decedent, a truck driver, had transported. Suit was filed on June 24, 1982. Service was made on Caterpillar Tractor Company on June 29, 1982. Service was also attempted on Caterpillar Machinery through Tractor's agent, but this was ineffective because Machinery had ceased to exist as a separate entity as of January 1, 1980, when it merged into Caterpillar Americas, a foreign corporation not licensed to do business nor doing business in Louisiana. Prior to merging with Americas, Machinery was a subsidiary of Tractor. Although the allegations of the petition are not very clear, apparently, plaintiffs claim that Tractor is the retailer of the "583" and Machinery the manufacturer.

On July 13, 1982, the defendant Tractor filed a petition to remove the action to federal court. Since that time, this action has been beset with problems.

(1) Tractor filed a Rule 12(b)(6) motion to dismiss to which plaintiffs failed to respond. The motion was nevertheless denied because defendant had insufficient proof of

his allegations in the record to support his claim of prescription predicated upon the argument that the action was brought in a court of improper venue.

(2) Tractor then renewed its objections via a motion for summary judgment; this time plaintiffs responded; the motion has been continued. Plaintiffs were given the opportunity to perfect service on Machinery's successor by using Louisiana's long-arm statute. Plaintiffs, although late, finally served Machinery through the successor corporation, Americas.

(3) Machinery (through Americas) has now moved to dismiss, asserting lack of personal jurisdiction, ineffective service, and that the action has prescribed because it was originally filed in a court of improper venue, thus prescription was not timely interrupted.

At this point, defendants' argument hinges primarily on whether prescription was interrupted by the filing of the suit in Pointe Coupee. Tractor's principal place of business is in Orleans Parish. It does not now nor has it ever had an office in Pointe Coupee; thus, Tractor argues, since the claim arose in Minnesota and Tractor's domicile is not in Pointe Coupee, venue was improper; prescription was not interrupted. Venue was also improper as to Machinery/Americas, argue defendants, because Machinery ceased to exist as an entity on January 1, 1980. Since there is no Machinery, there is no one to serve or to obtain jurisdiction over. And even if Americas could be sued as the successor corporation of Machinery, Louisiana can not assert in personam jurisdiction under its long-arm statute because to do so would violate due process. Americas has no contracts with Louisiana, and Machinery certainly had no contracts when the claim arose or now, as it had ceased to exist approximately six months before the accident.

Plaintiffs argue that the claim arose in Pointe Coupee—decedent's wife suffered mental anguish in Pointe Coupee. They also argue that the applicable statute of limitations to be applied is that of Minnesota, which is six years, assert that the feder-al court must use Louisiana's method of choice of law, and that a Louisiana court would choose to use Minnesota's prescriptive period. In opposition to summary judgment, plaintiffs argue that venue was proper in Pointe Coupee because proper venue under the long-arm is plaintiff's domicile. Plaintiffs had not served Machinery at that time, rendering that contention useless at that time. Now that Machinery/Americas has been served through the long-arm statute, plaintiffs change their argument to one of choice of law on the issue of prescription.

■ Although we have found no case directly on point, the assertion of in personam jurisdiction over Machinery/Americas through Americas comports with due process. Machinery, prior to January 1, 1980, was licensed to do business in Louisiana and had a registered agent for service of process. When Machinery merged with Americas, it did cease to exist as a separate entity, but its liabilities and assets were assumed by the successor corporation, Americas. *Boudreaux v. Allstate*, 217 So.2d 439 (La.App. 1st Cir.1968); *Offshore Logistics Services, Inc. v. Arkwright-Boston Mfrs.*, 469 F.Supp. 1099 (E.D.La.1979), affirmed in part, modified in part on other grounds 639 F.2d 1142, rehearing denied 647 F.2d 1121. Since Americas could have availed itself of the benefits of the forum in order to sue for monies owed its corporate predecessor, it seems only fair that Americas, deriving benefits from the forum, should also be expected to answer for liabilities incurred by the alleged negligent actions of its predecessor. See *Offshore, supra*. Americas obligations to the forum for the acts of Machinery can be analogized to a corporation's responsibility for products that it puts into interstate commerce. In *Eyerly Aircraft Company v. Killian*, 414 F.2d 591 (5th Cir.1969), the defendant manufacturer sold an amusement ride to another company. Twenty years, many exchanges, and countless miles later the ride caused injury to a child. Texas rightfully asserted jurisdiction over the defendant manufacturer, although it had never done

 

any business directly with Texas. A corporation may not escape the jurisdiction of a court by selling its product to an independent intermediary when it is foreseeable that the product will eventually make its way to the forum state through the economic chain. The manufacturer derives benefits from the forum, albeit indirectly. If a corporation can not escape jurisdiction, hence liability, by doing business through an independent intermediary, then it logically follows that it should not be immune from suit by its own actions, *i.e.*, merging with another corporation. Certainly Americas knew that Machinery was licensed to do business in Louisiana, that Machinery was amenable to suit in Louisiana, that Machinery had manufactured tractors for which it was responsible. Louisiana's courts were open for Americas to assert any claims it might have by virtue of its merger with Machinery. Having available the benefits, Americas has a corresponding duty to answer for liabilities.

In *Gulf Bldg. Services, Inc. v. Travelers,* 365 So.2d 870 (La.App. 4th Cir.1978) plaintiff corporation asserted a claim under a pre-merger contract. Defendant excepted claiming no right of action because plaintiff had ceased to exist as a corporate entity. The court held that the proper remedy was to amend the complaint and substitute the successor corporation as the proper party plaintiff. The court analogized the case of the no longer existing merged corporation to *Nini v. Sanford,* 276 So.2d 262 (La.1973) where a suit by a dead man interrupted prescription because incapacity to sue, no matter why, does not mean that a suit does not exist. Here, the fact that Machinery had ceased to exist as Machinery also does not mean that the suit does not exist. For the above reasons, service of process on Americas was likewise proper.

 Since the suit was timely commenced, the fact that process on Machinery/Americas was delayed is immaterial. *Huffmaster v. U.S.,* 186 F.Supp. 120 (D.C. Cal.1960) extensively reviews the authorities on delayed service. Where plaintiff deliberately avoids service, even a short de-

lay has been fatal, but a delay of several years was ignored where plaintiff had made a diligent effort.

 If jurisdiction lies and service is effective, venue was proper in Pointe Coupee Parish. Under La.R.S. 13:3203 venue is proper where plaintiff is domiciled. Plaintiffs are domiciled in Pointe Coupee. Under La. CCP article 73, venue is proper as to all solidary obligors in the parish where any one of them may be sued and is sued. The petition alleges that defendants are solidary obligors. Venue was proper in Pointe Coupee as to Machinery/Americas and thus as to Tractor also. Because the action was commenced in a court of proper venue before the expiration of the one year prescriptive period (although only by one day), prescription was interrupted by *filing;* not service of the petition.

The motion for summary judgment filed on behalf of Tractor and the motion to dismiss filed on behalf of Americas are hereby DENIED.