KLEES, Judge.
Defendant American Cyanamid Company (hereinafter “Cyanamid”) appeals the dismissal of its cross claim against co-defendant Tenneco Resins, Inc. (hereinafter “TRI”). The district court dismissed the claim after maintaining TRI’s exception to the in personam jurisdiction of the court. We affirm.
Appellant and appellee herein are two of several corporations made defendants in this drugs products liability action. Plaintiffs allege that the death of their decedent, Faye Ann Sullivan, was caused by the administration of the drug “Thorotrast.”
Prior to 1953, Thorotrast was manufactured and sold by Heyden Chemical Corporation (hereinafter “Heyden”), a Delaware corporation. On December 1, 1953, Hey-den’s Antibiotics Division, including its Thoratrast assets and business, was acquired by Cyanamid, and Heyden ceased its involvement with the drug. In the purchase agreement, Heyden obligated itself to defend and indemnify Cyanamid from and against any and all claims arising out of the operation of the Antibiotics Division prior to the closing date. In 1957, Thoro-trast was allegedly administered to plaintiffs’ decedent at Mercy Hospital in New Orleans. Also in 1957, Heyden changed its name to Heyden Newport Chemical Corporation. On June 28,1963, TRI (then known as HDN Corporation) was incorporated pursuant to the laws of Delaware. On October 4, 1963, TRI purchased the then existing assets of Heyden Newport, which assets did not include Thorotrast.
After being named as a defendant in plaintiffs’ action, TRI filed an exception of lack of personal jurisdiction on the grounds that it had never participated in the manufacture, sale, or distribution of Thorotrast, and that, as a nonresident corporation, it could therefore not be subjected to the jurisdiction of a Louisiana court in a claim involving Thorotrast. The trial court sustained the exception, and dismissed plaintiffs’ claim against TRI. This judgment was not appealed and is now final.
In the meantime, codefendant Cyanamid filed a cross claim against TRI for indemnity based upon Heyden’s agreement to defend and indemnify Cyanamid contained in the 1953 sale of Heyden’s Antibiotics Division to Cyanamid. TRI asserted an exception to personal jurisdiction as to the cross claim, which exception was maintained by the trial court. Cyanamid now appeals that judgment.
There are two possible bases for the assertion of personal jurisdiction over TRI in the instant case. The first is the Louisiana Longarm Statute, R.S. 13:3201 et seq., which sets forth in detail the conditions under which a Louisiana court may assert personal jurisdiction over a nonresident. The second possible basis for jurisdiction is the appellant’s claim that TRI has voluntarily submitted to the jurisdiction of the court. See La.Code Civ.Pro. art. 6. In our view, neither of these provisions would justify the exercise of jurisdiction over TRI in this case.
R.S. 13:3201 prior to the 1987 amendments thereto, provided, in pertinent part, that a Louisiana court may exercise jurisdiction over a nonresident “as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damages by an offense or quasi-offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi-offense committed through an act or omission outside of this state, if he regularly does or solicits business, or engages in any other persistent course of conduct or derives revenue from goods used or consumed or services rendered in this state.
*1113 (5) ...
(6) ...
(7) ...
(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer’s marketing practices.”
It is undisputed that TRI did not perform any of the enumerated activities in this state. TRI itself has never engaged in the manufacture, sale or distribution of Thoro-trast in any state.
The law is clear that R.S. 18:3201 authorizes jurisdiction over a nonresident only as to a cause of action arising from the nonresident’s activity or conduct in Louisiana. See: R.S. 13:3202 (Repealed-1987); Ingram Contractors, Inc. v. Rowley, 360 So.2d 593, 594 (La.App. 4th Cir. 1978), writ denied, 363 So.2d 72 (La.1978). In this case, the principal demand does not arise from TRI’s activity in this state, but rather from TRI’s purchase of Heyden, which allegedly manufactured the Thoro-trast that was administered to plaintiffs’ decedent in Louisiana. Moreover, this appeal is not concerned with the principal demand, but with the cross claim asserted by Cyanamid against TRI. The cross claim seeks indemnification from TRI based upon TRI’s alleged assumption, when it purchased Heyden’s assets, of an agreement Heyden had made ten years before to indemnify Cyanamid. As both TRI and Cyanamid are foreign corporations which do not do business in Louisiana, it is clear that this indemnity provision could be enforced in several other forums. Furthermore, considering the extremely attenuated nature of the connection, if indeed there is any, between this cross claim and Louisiana, we see no reason for a Louisiana court to exercise jurisdiction.
The crux of Cyanamid’s argument on this point is that TRI, as the successor of Heyden, is subject to jurisdiction under 13:3201 because of the alleged activities of Heyden in manufacturing Thorotrast, which ultimately wound up in Louisiana. However, appellant has not been able to cite any holding from our state courts in which R.S. 13:3201 has been used to assert jurisidiction over a nonresident based not upon the activities of the nonresident itself, but upon the activities of its predecessor corporation. We will not go beyond the clear words of the statute, which refers to “activities performed by the nonresident.” R.S. 13:3201 (Emphasis added.)
Moreover, even if we were inclined to interpet the statute in the manner suggested by appellant, we are not certain that TRI can be characterized as the “successor” of Heyden. Appellant cites several cases from other jurisdictions, as well as one federal case from the Middle District of Louisiana, in which jurisdiction has been asserted over successor corporations based upon the actions of their predecessors. See, e.g.: Duris v. Erato Shipping, Inc., 684 F.2d 352 (6th Cir.1982), cert. granted, Pallas Shipping Agency Ltd. v. Duris, 459 U.S. 1014, 103 S.Ct. 371, 74 L.Ed.2d 506, and judgment affirmed, by Pallas Shipping Agency Ltd. v. Duris, 461 U.S. 529, 103 S.Ct. 1991, 76 L.Ed.2d 120; Fehl v. C.W.C. Corp., 433 F.Supp. 939 (D.Del. 1977); United States v. Bliss, 108 F.R.D. 127 (E.D.Mi.1985); Cole v. Caterpillar Machinery Corp., 562 F.Supp. 179 (M.D.La. 1983). Without exception, however, these cases each involved either a consolidation (where a new corporation is formed) or a merger (where one corporation is completely absorbed into another and ceases to exist). Conversely, the transaction between TRI and Heyden was not a consolidation or a merger, but a purchase of assets for consideration, after which Heyden continued in business.
For example, in Cole v. Caterpillar Machinery Corporation, supra, the federal district court sitting in Louisiana, admitting that it could find no precedent, allowed the assertion of in personam jurisdiction over Caterpillar Americas Corporation based on the prior merger of Caterpillar Machinery Corporation into Caterpillar Americas. *1114 Caterpillar Machinery had manufactured the tractor which had allegedly caused the death of plaintiffs’ decedent in Louisiana. At the time of manufacture, Caterpillar Machinery was licensed to do business in Louisiana. Prior to the accident, Caterpillar Machinery had merged with Caterpillar Americas and ceased to exist as a corporate entity. In allowing the assertion of jurisdiction over Caterpillar Americas, the federal court reasoned that the manufacturer of a product who places that product in commerce such that it is foreseeable that the product will turn up in a particular state cannot then escape the jurisdiction of that state by merging with another corporation. 562 F.Supp. at 180-181.
Cole is clearly distinguishable from the instant case. TRI has never manufactured Thorotrast. Moreover, Heyden had ceased manufacturing Thorotrast ten years prior to the time TRI purchased Heyden’s assets. Finally, the transaction between TRI and Heyden in no way allows Heyden to escape jurisdiction for Thorotrast claims because it was not a merger; Heyden continued to exist and in fact was named a defendant in the original petition. In light of these facts, we reject Cyanamid’s argument that to deny jurisdiction in this case “would lead to absurd consequences, allowing corporations to immunize themselves from lawsuits by formalistically changing their titles”. The trial court correctly concluded that TRI lacks the minimum contacts necessary for the assertion of jurisdiction under the longarm statute.
Appellant’s second argument is that compliance with the longarm statute is unnecessary because TRI has voluntarily submitted to the jurisdiction of a Louisiana court by purchasing Heyden’s assets and allegedly assuming Heyden’s agreement to indemnify Cyanamid. Article 6 of the Code of Civil Procedure, which deals with service of process, states that personal jurisdiction over a party may be based upon “(3)The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.” Section three of this article is clearly designed to permit jurisdiction in cases where a party, although not properly served, has filed pleadings or otherwise made an appearance in the lawsuit without making a timely objection to the jurisdiction of the court. To argue that TRI’s assumption of Heyden’s obligation to indemnify Cyanamid amounted to a waiver of its objections to jurisdiction by a Louisiana court is strained at best.
In support of this argument, Cyanamid cites American Standard Leasing v. Plant Specialties, Inc., 427 So.2d 555 (La. App. 3d Cir.1983), in which the plaintiff sought to make an Illinois judgment exec-utory in Louisiana over the defendant’s claim that the Illinois court which rendered the judgment did not have personal jurisdiction. Because the contract between plaintiff and defendant that formed the basis of the suit contained a provision that all matters relevant thereto would be governed by the laws of Illinois, the Louisiana court found that the defendant had impliedly consented to the jurisdiction of the Illinois court; therefore, the judgment was made executory. In the instant case, TRI did not sign any contract containing any mention of Louisiana. When TRI acquired Heyden’s assets, Heyden was not licensed to do business in Louisiana. In fact, Hey-den was no longer manufacturing Thoro-trast. The agreement between TRI and Heyden was not signed in Louisiana. Furthermore, although TRI apparently agreed to assume Heyden’s liabilities, there is certainly no specific mention of Heyden’s obligation to indemnify Cyanamid in the purchase agreement. Under the circumstances, we fail to see how the transaction between TRI and Heyden can possibly be viewed as either an express or implied waiver by TRI of its objections to the jurisdiction of a Louisiana court.
Chromalloy American Corporation v. Clair Polishing Co., Inc. (No. 85-6021, U.S.D.C. ED. PA, unpublished memorandum, May 21, 1986) [Available on WEST-LAW, DCT database], which was cited by the trial judge in his Reasons for Judgment, has facts much closer to those of the instant case than does American Standard Leasing, supra. In Chromalloy, the plaintiff sought to enforce an indemnifica *1115 tion provision in a contract with the defendant. In an earlier case, Ross v. Chromal-loy, plaintiff Ross had alleged that he had been injured while working with a piece of equipment manufactured by Chromalloy. Chromalloy settled and thereafter brought suit against Clair Publishing Company in Pennsylvania, alleging that in 1978 Chro-malloy and Clair had executed a contract in New York wherein Clair was required to indemnify Chromalloy in personal injury suits like the Ross suit. Finding that Clair did not have minimum contacts with Pennsylvania, the United States District Court for the Eastern District of Pennsylvania held that Chromalloy’s interpretation of the 1978 contract executed in New York was insufficient to confer personal jurisdiction over Clair and dismissed the suit.
In the instant case, TRI’s contacts with Louisiana are even more attenuated than those in the Chromalloy case. Unlike the defendant in Chromalloy, TRI did not agree to indemnify a company subject to personal injury suits in Louisiana; it merely purchased the assets of a corporation (Heyden) which had agreed to so indemnify another corporation (Cyanamid). TRI did nothing that can be considered a voluntary submission to the jurisdiction of Louisiana or a waiver of its objections thereto, and to hold otherwise would be a violation of due process. See generally: Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).
Accordingly, we affirm the judgment of the district court dismissing the cross claim of American Cyanamid Company against Tenneco Resins, Inc. due to the lack of personal jurisdiction over the defendant.
AFFIRMED.