Michael T. ROSE, Appellant,

v.

Jules SILVER et al., Appellees.

No. 12555.

District of Columbia Court of Appeals.

March 1, 1979.

Randy M. Mott, Washington, D. C., for appellant.

Harvey Katz, Washington, D. C., for appellees.

Before NEWMAN, Chief Judge, and KELLY, KERN, GALLAGHER, NEBEKER, YEAGLEY, HARRIS, MACK and FERREN, Associate Judges.

ORDER

PER CURIAM.

On consideration of appellees' petition for rehearing en banc of 394 A.2d 1368 and it appearing that a majority of the judges of this Court has voted to deny the petition, it is

ORDERED that appellees' petition is denied.

NEBEKER and HARRIS, JJ., would grant the petition.

HARRIS, J., filed a separate statement of his reasons, concurred in by NEBEKER, J.

GALLAGHER, J., filed the attached separate statement of reasons for not voting in favor of the petition for rehearing en banc.

GALLAGHER, Associate Judge.

For reasons exceedingly important to the orderly administration of justice, a hearing division of this court is prohibited from issuing an opinion which conflicts material-

ly with a prior decision of this court as this may be done only by the court sitting en banc. M. A. P. v. Ryan, D.C.App., 285 A.2d 310 (1971). The opinion in this case expressly disclaims that it conflicts with our prior en banc decision in Environmental Research International v. Lockwood Greene Engineers, Inc., D.C.App., 355 A.2d 808 (1976) (en banc). This seems to me to insure against any future claim that the opinion here overturns in any essential, by implication, our prior en banc opinion in Environmental Research if only because a hearing division is powerless to do so.[1] Consequently, it seems beyond serious dispute that Environmental Research is left intact. I interpret the majority vote against going en banc as necessarily incorporating the same considerations I express. If I thought otherwise, I would feel required by law to vote to go en banc as, I feel certain, would all other judges of the court.

HARRIS, Associate Judge, with whom NEBEKER, Associate Judge, concurs.

The opinion of the division (394 A.2d 1368) specifically states (at 1369) that this case is "materially different from" Environmental Research International, Inc. v. Lockwood Greene Engineers, Inc., D.C.App., 355 A.2d 808 (1976) (en banc). Additionally, since Environmental Research is an en banc opinion, it may not be overruled by the division opinion. See M. A. P. v. Ryan, D.C.App., 285 A.2d 310 (1971). Hence, there is surface appeal to the reasons expressed by my Brother GALLAGHER for his vote to deny the petition for rehearing en banc. However, in my view, the division opinion is directly in conflict with Environmental Research (as well as with all other relevant authority). Accordingly, I voted to grant appellees' petition to rehear this case en banc both "to secure or maintain uniformity of [the court's] decisions" and

1. The court's opinion goes so far as to say the facts in Lockwood Greene are not even so much as "similar" to those in this case (At 1370). I note, too, the court's significant statement:

This decision is based on the pleadings, as well as on supplementary facts proffered of

record and not contested. We acknowledge that an eventual factual showing that materially differs from the record to date could raise the jurisdictional issue anew. [At 1372 n.5; citations omitted.]

because "the proceeding involves a question of exceptional importance." D.C.App.R. 40.

I do not now write at length; *Environmental Research* and the division opinion in this case readily may be compared. Some comment, however, seems necessary, for appellees' position is wholly valid and in my opinion the trial court's ruling should have been affirmed, not reversed.

Initially, the facts in this case are considerably less complex than the division's opinion makes them appear to be. At a hearing before the trial judge, plaintiff's counsel stated simply:

> Your Honor, the facts in this case are essentially not disputed. The case arises out of the defendants' retention of the plaintiff to perform legal services in the District of Columbia, specifically to undertake to enjoin the Food and Drug Administration order removing certain animal products from the market.

That, of course, is the type of relationship which we held in *Environmental Research* not to confer jurisdiction in the District of Columbia courts over nonresident defendants who have had no other contacts with this jurisdiction.[2] For the reader's convenience, I quote the following portion of our *Environmental Research* opinion:

> [T]he thrust of appellant's argument is that since *it* was performing services in the District of Columbia for the benefit of appellees, its own activities here constituted a proper basis for the exercise of personal jurisdiction over appellees. To accept such a position would be effectively to remove any protection which the due process clause affords a nonresident defendant. The position for which appellant argues has been rejected by the Supreme Court:
>
> > The unilateral activity of those who claim some relationship with a nonresi-

dent defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws.[3] [Citations omitted.]

> Thus, a plaintiff cannot rely on its own activities, rather than those of a defendant, to establish the requisite minimal contacts for personal jurisdiction. The mere fact that a nonresident has retained the professional services of a District of Columbia firm, thereby setting into motion the resident party's own activities within this jurisdiction, does not constitute an invocation by the nonresident of the benefits and protections of the District's laws. [355 A.2d at 812; footnotes omitted.]

The apparent basis for the division's reversal of the trial court in this case is extraordinary. The division's opinion states that the trial court "implicitly" found the plaintiff to have been an independent contractor, and proceeds from that to state:

> We conclude that the trial court, in perceiving appellant to be a nonagent independent contractor, was "plainly wrong" and "without evidence to support" such a finding. D.C.Code 1973, § 17–305(a). [394 A.2d at 1372.]

While the division quite uniquely thus held the trial court's "implicit" finding to be plainly wrong and without evidence to support it, while unwarrantedly making its own new finding, the fact is that the trial court did not deal at all with the question of whether appellant was an independent contractor or an agent. (Nor, indeed, does it matter; the critical question is whether

---

2. The division opinion states (perhaps revealingly) that *Environmental Research* presented "facts analogous—but not similar—to those in the present case." 394 A.2d at 1370. Of course, the words "analogous" and "similar" are synonymous.

3. The language thus quoted in the *Environmental Research* opinion was written in the landmark decision in *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). *See also Kulko v. California Superior Court,* 436 U.S. 84, 93–94, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).

appellees were transacting business in this jurisdiction by their utilization of an attorney to represent them before the FDA and in the United States District Court.)[4] The trial judge wrote a short but cogent opinion in denying appellant's petition for reconsideration of her order dismissing the complaint; I believe it is useful to quote it (with approval) in full:

## ORDER

Plaintiff has moved the Court to reconsider two orders entered in this matter on June 7, 1977, one granting defendants' motion to dismiss the Complaint for lack of *in personam* jurisdiction, and the other denying plaintiff's motion for leave to file an amended complaint. These orders were founded upon the Court's conclusion that the allegations in neither the Complaint nor the proposed amended complaint are sufficient to confer jurisdiction in this Court over the defendants.

This is essentially a breach of contract matter. In September 1974, the defendants retained the plaintiff to provide legal services for them in connection with a dispute between them and the federal Food and Drug Administration. The plaintiff was to attempt to negotiate an amicable resolution of the matter with that federal agency and, if necessary, institute suit on behalf of the defendants in federal district court.

The retainer agreement between plaintiff and the defendants was negotiated in most part while the parties were all physically present in Connecticut, the defendants' principal place of business. Some minor negotiations may have occurred by long distance telephone while plaintiff was located in the District of Columbia. The agreement was signed by plaintiff in the District of Columbia and by defendants in Connecticut.

The dispute with the Food and Drug Administration was not resolved, and plaintiff filed suit on behalf of defendants against that federal agency in United States District Court for the District of Columbia. However, shortly thereafter a dispute arose between the parties as to the manner in which plaintiff was handling the lawsuit, and defendants terminated their arrangement with the plaintiff, who thereupon left the District of Columbia to establish at least temporary residence in California. The parties then had a disagreement over the amount of money owed to plaintiff for his legal services which eventually gave rise to the present suit.

At no time during these events did the defendants, who are engaged in the veterinary drug manufacturing business, establish an office in the District of Columbia. Nor did they solicit business here. Nor did they pay taxes here. Indeed, in asserting that this Court has jurisdiction over the defendants in regards to the claims set forth in his Complaint and proposed amended complaint, plaintiff relies exclusively on his own actions in the District of Columbia, not any act of the defendants performed by them within the jurisdiction of the Court.

Plaintiff contends that in respect to the legal services he rendered for the defendants here the defendants were "transacting business," through the plaintiff, in the District of Columbia within the meaning of Section 13–423(a)(1) of the District of Columbia Code. In an almost identical situation, however, the Court of Appeals has held that "a plaintiff cannot rely on its own activities, rather than those of a defendant, to establish the requisite minimal contacts for personal jurisdiction." *Environmental Research International v. Lockwood Greene Engineers*, 355 A.2d 808, 812 (D.C.App., 1976).

It is undisputed that defendants' sole purpose in retaining the plaintiff was to

---

4. The incorrect notion that the terms "independent contractor" and "agent" are mutually exclusive—which seems to underlie the reasoning expressed in the division opinion—is rather anomalously highlighted in footnote 3 of the division opinion, which cites authority for the valid proposition that an independent contractor may or may not be an agent. (394 A.2d at 1371 n.3.)

resolve a dispute with a federal agency and, if that failed, to institute suit against the federal government in a federal court. Entering the District of Columbia for purposes of contacting federal agencies is not a basis for the assertion of *in personam* jurisdiction here. *Mueller Brass v. Alexander Milburn Co.*, 80 U.S. App.D.C. 274, 152 F.2d 142 (1945); *Environmental Research International v. Lockwood Greene Engineers, supra.* Nor is participating in litigation a sufficient contact by itself to confer *in personam* jurisdiction in another matter. *Dragor Shipping Corporation v. Union Tank Car Corporation*, 361 F.2d 43, 49 (9th Cir., 1966), cert. den. 385 U.S. 831 [, 87 S.Ct. 68, 17 L.Ed.2d 66].

Plaintiff contends that the applicable statutory provision was intended to be at least as broad as its predecessor which conferred jurisdiction over contracts to be performed in whole or in part in the District of Columbia. However, this view is not shared by the Court of Appeals, which has held that services performed in the District of Columbia pursuant to a contract only by a plaintiff does not confer jurisdiction over a defendant who performs no services here himself. *Bueno v. La Compania Peruana de Radiodifusion*, 375 A.2d 6, 1977 (unreported); *Environmental Research International v. Lockwood Greene Engineers, supra.*

The Court cannot avoid noting that unlike the situation in the preceding two matters the plaintiff in the instant case is not and has never been a resident of the District of Columbia. Nor has he ever had a permanent office here. As a matter of public policy, there is thus less reason to afford the plaintiff access to District of Columbia courts than existed in the preceding two cases, in both of which the Court of Appeals ruled that jurisdiction was lacking over the defendants.

The motion to reconsider is DENIED.

There were two prongs to the en banc court's analysis in *Environmental Research.* We noted there that: "The only contacts appellees reasonably could be said to have had within the District of Columbia were those which they had with appellant and with the [federal agency]. The jurisdictional significance of those respective contacts will be examined in turn." (355 A.2d at 811–12.) As I have stated above, we first determined—in a holding which should control this case—that "a plaintiff cannot rely on its own activities, rather than those of a defendant, to establish the requisite minimum contacts for personal jurisdiction."[5] (355 A.2d at 812.)

Next, there was a factual circumstance present in *Environmental Research* which is not present here. In that case, officials of the defendant companies made a number of visits to the District of Columbia to meet with federal agency personnel. We thus had to determine whether that factor—apart from the plaintiff's own activities—would justify in personam jurisdiction over the defendants. We concluded unequivocally that it would not; we reaffirmed "the long-standing and still vital doctrine that entry into the District of Columbia by nonresidents for the purpose of contacting federal governmental agencies is not a basis for the assertion of in personam jurisdiction." (355 A.2d at 813; footnote omitted.)

In developing the second way in which I consider the division opinion to be erroneous, I turn to the specific statutory language which the division found to be satisfied in this case. Section 13–423 of the Code provides in pertinent part:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

---

5. One disturbing aspect of the division opinion stems from the fact that long-arm statute and due process considerations tend to be interpreted reciprocally. Thus, if we were to accept the validity of the division's analysis, a District of Columbia entity which utilizes the services of a lawyer in another jurisdiction thereby renders itself subject to suit by that lawyer in that jurisdiction (assuming, of course, the existence of comparable statutory provisions).

(1) transacting any business in the District of Columbia;

\* \* \* \* \* \*

If we assume that plaintiff-appellant Rose's performance of legal services here somehow did constitute the transaction of business by the defendant-appellees through an agent within the meaning of § 13–423(a)(1) (an assumption with which I vigorously disagree), then the legal situation inevitably would be precisely the same as though defendant-appellees were themselves contacting the federal government. If this is the case (as the division opinion must be interpreted to reflect that it is), then plaintiff-appellant's effort to establish in personam jurisdiction must founder on the "government contacts" exception to long-arm jurisdiction here.[6] That is, if plaintiff-appellant indeed was an agent transacting business for the defendant-appellees, he must be deemed to have been such for the sole and specific purpose of contacting a federal instrumentality (and, derivatively, for filing suit in the United States District Court).

In their petition for rehearing en banc, appellees express virtual bewilderment at the division opinion's treatment of the "government contacts" exception to potential long-arm jurisdiction. The division opinion speaks rather esoterically on this subject, and to a significant extent effectively disregards the fact that this subject was dealt with definitively in *Environmental Research.*[7] There we stated flatly: "Congress did not intend to set aside [the government contacts] principle when it enacted the present long-arm statute." (355 A.2d at 813.) We cited the relevant cases, and stated:

The rationale for the "government contacts" exception to the District of Colum-

bia's long-arm statute does not hinge upon the wording of the statute. Rather, it finds its source in the unique character of the District as the seat of national government and in the correlative need for unfettered access to federal departments and agencies for the entire national citizenry. To permit our local courts to assert personal jurisdiction over nonresidents whose sole contact with the District consists of dealing with a federal instrumentality not only would pose a threat to free public participation in government, but also would threaten to convert the District of Columbia into a national judicial forum. [355 A.2d at 813; footnotes omitted.]

In conclusion, I am of the opinion that the views expressed in appellees' petition for rehearing en banc are compellingly sound. I would grant their petition and affirm the ruling of the trial court. However, despite what I consider to be the division opinion's manifest inconsistencies with *Environmental Research,* Judge Gallagher is correct in noting that the division opinion could not overturn the principles expressed therein. The division opinion acknowledges not one but two bases upon which the trial court could reach the same result as it did before in the further proceedings which the division has determined must be held. *See* 394 A.2d at 1372 n.5 and 1374. I trust that the trial court will not be deterred by what I respectfully consider to be a flawed division opinion from applying the law correctly.

---

6. One wonders what the division would conclude if an employee of the defendant company had performed exactly the same services as the plaintiff-attorney, and then sued the company here over a compensation dispute. Putting aside forum non conveniens questions (which are likely to be present in this case as well as in my hypothetical one), analytically such a situation would be indistinguishable from that presented here.

7. The division opinion's intimation that the government contacts exception perhaps should be limited to the First Amendment's freedoms of speech and the press—and not to the equally strong right to petition the government for the redress of grievances—is contrary to both law and reason.