# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued March 4, 2024          Decided August 13, 2024

No. 22-5243

JACQUELYN BRENEA N'JAI,
APPELLANT

v.

UNITED STATES DEPARTMENT OF EDUCATION, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-02712)

*Alison Fine*, Student Counsel, argued the cause as *amicus curiae* in support of appellant. With her on the briefs were *Thomas Burch*, appointed by the court, and *Elizabeth Hope Garrison* and *Robert Wedge*, Student Counsel.

*Jacquelyn Brenea N'Jai*, pro se, filed the briefs for appellant.

*Deborah N. Misir* argued the cause and filed the brief for appellees New York University and Long Island University. *Kenneth T. Maloney* entered an appearance.

*Richard J. Perr* and *Monica M. Littman* were on the brief for appellee Immediate Credit Recovery, Inc.

Before: SRINIVASAN, *Chief Judge*, GARCIA, *Circuit Judge*, and ROGERS, *Senior Circuit Judge*.

Opinion for the Court filed by *Chief Judge* SRINIVASAN.

SRINIVASAN, *Chief Judge*: This appeal raises a question of personal jurisdiction under District of Columbia law. The District of Columbia's jurisdictional statute generally allows for the exercise of jurisdiction over a defendant for claims arising from the defendant's transacting of business in the District. But that jurisdictional ground is subject to a "government contacts" exception. Under that exception, entry into the District for the purpose of contacting a federal government agency cannot serve as the basis for the assertion of personal jurisdiction.

On more than one occasion, our court has explained that the scope of the government contacts exception under District of Columbia law is uncertain, and we have certified questions to the D.C. Court of Appeals in an effort to obtain clarification. The D.C. Court of Appeals, though, has resolved those cases in a way that has left uncertain one recurring issue: whether the government contacts exception is confined to First Amendment activity. This case implicates that uncertainty, and we again certify questions to the D.C. Court of Appeals about the scope of the government contacts exception under District of Columbia law.

3

I.

A.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). In the District of Columbia, personal jurisdiction is governed by the D.C. long-arm statute, D.C. Code § 13-423. This case concerns subsection (a)(1) of the long-arm statute, under which a court may exercise personal jurisdiction over a company "as to a claim for relief arising from [the company's] transacting any business in the District of Columbia." D.C. Code § 13-423(a)(1).

That basis for asserting personal jurisdiction under D.C. law, however, is subject to the so-called "government contacts" exception. The D.C. Court of Appeals recognized the government contacts exception in its en banc decision in *Environmental Research International, Inc. v. Lockwood Greene Engineers, Inc.*, 355 A.2d 808 (D.C. 1976) (*Environmental Research*). Under that exception, "entry into the District of Columbia by nonresidents for the purpose of contacting federal governmental agencies is not a basis for the assertion of in personam jurisdiction." *Id.* at 813. "The rationale for the 'government contacts' exception to the District of Columbia's long-arm statute," the court elaborated, "finds its source in the unique character of the District [of Columbia] as the seat of [the] national government and in the correlative need for unfettered access to federal departments and agencies for the entire national citizenry." *Id.* In particular, "[t]o permit our local courts to assert personal jurisdiction over nonresidents whose sole contact with the District [of Columbia] consists of dealing with a federal instrumentality not only would pose a threat to free public participation in

government, but also would threaten to convert the District of Columbia into a national judicial forum." *Id.*

## B.

The lawsuit in this case was brought by Jacquelyn N'Jai. At this stage of the proceedings, we assume the truth of the allegations in her complaint. According to those allegations, N'Jai attended Long Island University (LIU) from 1986 to 1988 and New York University (NYU) from 1988 to 1989. While in school, she took out two student loans totaling $5,500—loans she asserts she has paid back in full.

N'Jai contends that, in 1993, a bank analyst used her name to falsely certify federal student loans amounting to $21,200. She claims that NYU and LIU signed her name on the false loan applications and then withheld refunds from the loans. N'Jai unsuccessfully attempted to dispute the loans by appealing to the U.S. Department of Education. N'Jai claims that, after the amount owed on the loans ballooned to $66,000 due to interest and nonpayment, the Department tried to collect on the loans by contracting with debt collectors, including Immediate Credit Recovery, Inc. (ICR), and FMS Investment Corporation (FMS). She maintains that those debt collectors used unlawful practices in their efforts to collect on the allegedly fraudulent loans. And she asserts that the Department unlawfully garnished her tax refund and threatened to garnish her Social Security checks.

N'Jai filed this action against the Department of Education, NYU, LIU, ICR, and FMS, among others, alleging various violations of federal law. *N'Jai v. U.S. Dep't of Educ.*, No. 19-cv-02712, 2021 WL 1209281, at *2 (D.D.C. Mar. 31, 2021). The district court dismissed the claims against LIU, NYU, ICR, and FMS for lack of personal jurisdiction based on

the government contacts exception. *Id.* at *4–7; *N'Jai v. U.S. Dep't of Educ.*, No. 19-cv-02712, 2022 WL 4078948, at *2–3 (D.D.C. Sept. 6, 2022). The court dismissed N'Jai's claims against the remaining defendants for reasons other than a lack of personal jurisdiction. *N'Jai*, 2021 WL 1209281 at *7–13; *N'Jai v. U.S. Dep't of Educ.*, No. 19-cv-02712, 2022 WL 898859 (D.D.C. Mar. 28, 2022).

N'Jai appealed. This court summarily affirmed the district court's dismissals against various defendants for reasons other than a lack of personal jurisdiction. *N'Jai v. U.S. Dep't of Educ.*, No. 22-5243, 2023 WL 3848363 (D.C. Cir. June 2, 2023); *N'Jai v. U.S. Dep't of Educ.*, No. 22-5243, 2023 WL 5155786 (D.C. Cir. Aug. 4, 2023). That leaves N'Jai's appeal of the dismissals of the claims against NYU, LIU, ICR, and FMS for lack of personal jurisdiction. As to that remaining part of her appeal, our court appointed an amicus curiae to present arguments supporting N'Jai's position on the issue of personal jurisdiction, including on "whether the 'government contacts exception' to personal jurisdiction under District of Columbia law is limited to activities protected by the First Amendment of the Constitution." *N'Jai*, 2023 WL 5155786, at *1.

II.

N'Jai argues that the district court has personal jurisdiction over NYU, LIU, ICR, and FMS under the D.C. long-arm statute based on their contacts with the Department of Education, a federal government agency located in the District. According to N'Jai, NYU and LIU have engaged in long-term contacts with the Department by applying to and receiving approval from the Department to participate in the federal student loan program, completing student loan applications, and certifying student loans. As for ICR and FMS, N'Jai asserts that they, too, have participated in long-term contacts

with the Department by seeking approval to participate in the federal student loan program and contracting with the Department to collect on delinquent loans. N'jai connects her asserted injuries—all of which relate to the administration of the allegedly fraudulent federal student loans in her name—to the defendants' contacts with the Department in the District. In support of N'Jai's position on personal jurisdiction, the court-appointed amicus argues that the government contacts exception under D.C. law is limited to activities protected by the First Amendment.

The defendants argue that the district court properly determined it could not assert personal jurisdiction over them due to the government contacts exception. They cite federal district court decisions for the proposition that the government contacts exception covers participation in the federal student loan program. *See Morgan v. Richmond Sch. of Health & Tech., Inc.*, 857 F. Supp. 2d 104, 107–08 (D.D.C. 2012); *Stevens v. Del. State Univ.*, 70 F. Supp. 3d 562, 565–65 (D.D.C. 2014). The university defendants, LIU and NYU, contend that the government contacts exception is not confined to First Amendment activity.

In assessing whether the government contacts exception precludes the assertion of personal jurisdiction over the remaining defendants in this case, a key question is whether that exception is confined to First Amendment activity (and if so, what kinds of activity qualify). On several occasions, our court has noted the seeming uncertainty on that question under D.C. law.

That uncertainty arises from the decision of a panel of the D.C. Court of Appeals in *Rose v. Silver*, 394 A.2d 1368 (1978), which came two years after the en banc D.C. Court of Appeals recognized the government contacts exception in

*Environmental Research*, 355 A.2d 808. In *Rose*, this court has explained, "a panel of the same court [i.e., the D.C. Court of Appeals] appeared to limit the 'government contacts' exception to activities implicating first amendment rights." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 786 (D.C. Cir. 1983). As we noted at the time, however, "a panel of the District of Columbia Court of Appeals 'is prohibited from issuing an opinion which conflicts materially with a prior decision of [the en banc] court as this may be done only by the court sitting *en banc*.'" *Id.* (quoting *Rose v. Silver*, 398 A.2d 787, 787 (D.C. 1979) (denying petition for rehearing en banc) (Gallagher, J., concurring)). But when the D.C. Court of Appeals denied "rehearing en banc in the *Rose* case, the [en banc] court failed to explain or reconcile the apparent conflict with the *Environmental Research* opinion." *Id.* We added that, "if it were necessary to determine what law controls today in the District of Columbia, we would still be hesitant to conclude that the clear holding against governmental contacts as a basis for personal jurisdiction in *Environmental Research* no longer controls." *Id.* But we ultimately did not need to resolve the issue because the contacts at issue in *Naartex* "implicate[d] the first amendment" and "so would qualify for exemption under the *Rose* test as well." *Id.* at 787.

In a later decision, we reiterated that the "scope of the government contacts exception is unsettled . . . under the D.C. Court of Appeals' precedents." *Companhia Brasileira Carbureto de Calicio v. Applied Indus. Materials Corp.*, 640 F.3d 369, 371 (D.C. Cir. 2011). We said that, while "the government contacts exception articulated in *Environmental Research*" would indicate that "there was no jurisdiction in this case," the "subsequent decision of a D.C. Court of Appeals panel [in *Rose*] may have limited the government contacts exception to cases in which the contacts with the federal government were an exercise of First Amendment rights." *Id.*

at 372. Because "the scope of the government contacts exception [was] genuinely uncertain" and because the issue was "of sufficient public importance," we certified to the D.C. Court of Appeals the question whether personal jurisdiction existed in the circumstances at hand. *Id.* at 373. The D.C. Court of Appeals then held that personal jurisdiction existed in the case, but without resolving the "uncertainty" created by its decision in *Rose* about whether "rationales apart from the First Amendment" can "support the government contacts doctrine." *Companhia Brasileira Carbureto De Calcio v. Applied Indus. Materials Corp.*, 35 A.3d 1127, 1133 n.5 (D.C. 2012).

We recently revisited that uncertainty once again in *Akhmetshin v. Browder*, 993 F.3d 922 (D.C. Cir. 2021). There, we explained that "decisions of the D.C. Court of Appeals . . . have left the scope of the government contacts exception unsettled." *Id.* at 928 (internal quotation marks omitted). We "decided to certify questions to the D.C. Court of Appeals regarding the circumstances in which the government contacts exception applies." *Id.* at 925. One of the certified questions asked whether a defendant must "possess cognizable rights pursuant to the First Amendment generally, or any specific clause thereunder, in order to invoke the exception." *Id.* at 929. The D.C. Court of Appeals acknowledged that "there has been ongoing confusion as to the scope of the [government contacts] principle." *Akhmetshin v. Browder*, 275 A.3d 290, 294 (D.C. 2022). But the court ultimately decided that there was no personal jurisdiction in the case for separate reasons, without definitively settling whether the government contacts exception is limited to First Amendment activity or the scope of any such limitation. *Id.* at 294–96.

Due to continuing uncertainty about the scope of activities encompassed by the government contacts exception under D.C.

law, we again opt to certify questions to the D.C. Court of Appeals. That court may answer certified questions of law if they "may be determinative of [a] cause pending . . . as to which it appears . . . there is no controlling precedent in the [court's] decisions." D.C. Code § 11-723(a). We accordingly have certified questions to the D.C. Court of Appeals "when 'District of Columbia law is genuinely uncertain' and the question is of 'extreme public importance.'" *Companhia*, 640 F.3d at 373 (quoting *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1303 (D.C. Cir. 2002)). Both of those conditions are satisfied here, as we have already determined when certifying closely related questions to the D.C. Court of Appeals in *Companhia*, 640 F.3d at 373, and *Akhmetshin*, 993 F.3d at 928–29.

We therefore certify the following questions to the D.C. Court of Appeals:

1. Under District of Columbia law, is the government contacts exception to personal jurisdiction limited to First Amendment activity between the defendant and a government entity?

2. If the first question is answered in the affirmative, are the contacts with the Department of Education alleged in the amended complaint here covered under the exception?

*So ordered.*