**Robert B. BEACHBOARD, Appellant,**

v.

**TRUSTEES OF COLUMBIA UNIVERSITY IN the CITY OF NEW YORK, Appellees.**

No. 83–895.

District of Columbia Court of Appeals.

Submitted March 26, 1984.

Decided April 30, 1984.

Robert B. Beachboard filed brief pro se.

Thomas J. Madden, Dwight C. Smith, III, and Robert S. Arbeit, New York City, were on brief for appellees.

Before BELSON and TERRY, Associate Judges, and PAIR, Associate Judge, Retired.

TERRY, Associate Judge:

The trial court dismissed appellant's complaint for lack of personal jurisdiction over appellees and, alternatively, on the ground of collateral estoppel. Appellant brings this appeal from the order of dismissal. We affirm on the first ground, and thus we do not reach the second.

I

As a result of previous litigation between the parties, a New York state court granted appellees' motion for a preliminary injunction against appellant.[1] When appellant violated the injunction, the court held him in contempt and fined him $250. The court's order further provided that if he did not pay the fine, appellees could apply for an order of commitment directing the Sheriff of the City of New York to arrest appellant and bring him before the court for further proceedings. Appellant appealed from the contempt adjudication to the Appellate Division, which affirmed the order

---

1. Appellant applied for admission to Columbia University several years ago, but his application was turned down. Since then he has filed a series of civil actions against the university in the New York courts, grounded on various claims, and he has also sought through administrative proceedings to have the university's federal and state tax exemptions revoked. Thus far all of his actions against the university have been unsuccessful.

Finally, the university brought an action against appellant in the Supreme Court of New York, seeking an injunction to restrain him from commencing any new judicial or administrative proceedings against the university or against any other party which, if successful, would adversely affect the university. On February 24, 1981, the New York court entered an order granting the university's request for a preliminary injunction. It is that order which has led circuitously to this appeal.

of the Supreme Court and awarded appellees $75 for their costs on appeal.

Appellant failed to pay the $250 fine, and appellees moved for an order of commitment, which was granted by the New York Supreme Court. Appellant noted an appeal from that order. Appellees filed a motion to dismiss the appeal on the ground that because appellant had not filed a timely appeal to the New York Court of Appeals from the earlier judgment of the Appellate Division, and because the commitment order was predicated on the original contempt order, which was now final, appellant was precluded from appealing the commitment order. The Appellate Division granted appellees' motion and dismissed the appeal.

In his "complaint for declaratory relief" in our Superior Court, appellant attacked the New York Appellate Division's dismissal of his appeal from the commitment order, asserting that appellees "through the misfeasance of [their] agents" had deprived him of his right to appeal from the order holding him in contempt. Appellees moved to dismiss the complaint under Super.Ct. Civ.R. 12(b) on the grounds that the court lacked personal jurisdiction over them and that the claim was barred by collateral estoppel. After holding a hearing, the court granted appellees' motion.

## II

■ There are two requirements which must be met for a court to be able to exercise personal jurisdiction over a party. First, the party must have reasonable notice of the adverse party's claim; second, there must be a sufficient connection, sometimes described as "minimum contacts," between the party and the forum state. *E.g., World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980); *Kulko v. Superior Court*, 436 U.S. 84, 91–92,

98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978). In the instant case neither requirement was met.

■ Columbia University is a nonprofit corporation organized under the laws of the State of New York. Super.Ct.Civ.R. 4(d)(3) provides that a domestic or foreign corporation shall be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process ...." Appellant did not serve his complaint on any of the persons named in the rule but, instead, on one of the university's trustees who happens to live in the District of Columbia. We hold that this was not valid service under the rule.

In *Pacific Lanes, Inc. v. Bowling Proprietors Ass'n*, 248 F.Supp. 347 (D.Or. 1965), the court was confronted with the question of whether the service of process on a director of a corporation was valid service on the corporation within the meaning of Fed.R.Civ.P. 4(d)(3).[2] The court ruled that the director was neither an officer nor a managing agent of the corporation and that the record was barren of evidence that he acted in any special capacity for the corporation so as to empower him to receive process. As a result, the court granted a motion to quash the service of the summons and complaint. We see no meaningful difference between the director in the *Pacific Lanes* case and the university trustee in this case. Thus we hold that service on the trustee was invalid under Super.Ct.Civ.R. 4(d)(3), and therefore legally insufficient to put appellees on notice of appellant's claim.

■ But even if the service of process on the trustee had been valid, we would have to affirm the dismissal of appellant's complaint for lack of personal jurisdiction. Columbia University is a New York corporation. Its principal place of business is in

---

**2.** Fed.R.Civ.P. 4(d)(3) is identical to Super.Ct. Civ.R. 4(d)(3). "We have repeatedly held that when a local rule and a federal rule are identical, we may look to federal court decisions interpreting the federal rule as 'persuasive authority in interpreting [the local rule.]' " *Goldkind v. Snider Brothers, Inc.*, 467 A.2d 468, 472 (D.C.1983) (citation and footnote omitted).

New York, not the District of Columbia. It does not maintain an office in the District of Columbia, and the only business which it transacts here consists of soliciting research grants and other funds from the federal government. Thus the only method by which the trial court could obtain personal jurisdiction over the university and its trustees would be through the "transacting business" section of our long-arm statute, D.C.Code § 13–423(a)(1) (1981). Under that section, however, the jurisdiction of the court "is restricted to claims arising from the particular transaction of business carried out in the District." *Berwyn Fuel, Inc. v. Hogan*, 399 A.2d 79, 80 (D.C.1979) (citation omitted); *see* D.C. Code § 13–423(b) (1981). Since appellant's claim is unrelated to the university's activities in the District of Columbia, the long-arm statute cannot be invoked as a basis for personal jurisdiction over appellees.

We therefore hold that the trial court's dismissal of appellant's complaint was proper. The service of process on one of the university's trustees was invalid under Super.Ct.Civ.R. 4(d)(3). Even assuming that appellant had properly served appellees with process, appellant's claim does not arise from appellees' activities in the District of Columbia, and thus the trial court would be barred by the long-arm statute from exercising personal jurisdiction over appellees.[3]

The judgment of the Superior Court is accordingly

*Affirmed.*

---

**3.** Because appellant's claim has no connection with any transaction of business by the university in the District of Columbia, we need not consider whether the so-called "government contacts" exception is applicable to this case.

*Compare Environmental Research International, Inc. v. Lockwood Greene Engineers, Inc.,* 355 A.2d 808 (D.C.1976) (en banc), *with Rose v. Silver,* 394 A.2d 1368 (D.C.1978).