**LAW OFFICES OF JERRIS LEONARD, P.C., J. Stuart Lemle, Robert L. Muse, and Don M. Bosco, Plaintiffs,**

v.

**MIDEAST SYSTEMS, LTD., Mideast Systems and China Civil Construction Saipan Joint Venture, Inc., Dominick P. Cosentino and Etrusca V. Cosentino, Defendants.**

Civ. A. No. 85–1610.

United States District Court, District of Columbia.

April 7, 1986.

J. Stuart Lemle, Robert L. Muse and Don M. Bosco, Washington, D.C., pro se.

Jeffrey Harris, Washington, D.C. and Solomon Abrahams, New York City, pro hac vice, for defendants.

## MEMORANDUM–ORDER

GASCH, Senior District Judge.

## I. INTRODUCTION

This is a breach of contract case brought by four District of Columbia lawyers who have not been paid for legal services performed in the District for two related businesses, Mideast Systems, Ltd. ("Mideast") and Mideast Systems and China Civil Construction Saipan Joint Venture, Inc. ("MS/CCC"). In December, this Court granted plaintiffs' motion to amend the complaint and add two defendants, Dominick and Etrusca Cosentino. Mr. Cosentino is the president of both enterprises, and Mrs. Cosentino is the owner of a controlling share of stock in the two companies and treasurer of MS/CCC. The plaintiffs allege the Cosentinos in their individual capacities defrauded them into performing legal services for MS/CCC by misleading them as to the facts that MS/CCC was a properly incorporated legal entity and that it had assets. In fact, plaintiffs allege, the company was not properly incorporated and was insolvent. Defendants, both residents of New York, have moved to dismiss the complaint for want of personal jurisdiction.

In their amended complaint plaintiffs seek to hold Mr. Cosentino liable on a fraud theory for allegedly making misrepresentations that induced the lawyers to undertake to represent MS/CCC. They seek to hold Mrs. Cosentino liable for participating in the fraud. In addition, they seek to hold her as chief stakeholder in MS/CCC, alleging the company was never a properly constituted corporation and therefore she is not shielded from liability.

■ The law on this issue is straightforward. The District of Columbia Long Arm Statute, D.C. Code § 13–423, applicable in this diversity case, states in relevant part:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

(1) transacting any business in the District of Columbia; ...

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; ...

(b) When jurisdiction over a person is based solely on this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

The District of Columbia Court of Appeals has held that section (a)(1) of the District's long arm statute, concerning the "transacting of any business in the District of Columbia," extends personal jurisdiction to the fullest extent possible consistent with due process under the United States Constitution. *Mouzavires v. Baxter*, 434 A.2d 988, 993 (D.C.App.1981).

The Supreme Court has said that due process is not offended when a forum state exercises personal jurisdiction over a non-resident defendant if the defendant has purposefully directed his activities at residents of the forum and if the litigation results from alleged injuries arising out of those activities. *Burger King Corp. v. Rudzewicz*, —— U.S. ——, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) (citations omitted). Specifically with respect to contractual obligations, the Supreme Court has held that a forum's personal jurisdiction may extend to those parties who "reach out beyond one state and create continuing relationships and obligations with citizens of another state." *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 647, 70 S.Ct. 927, 929, 94 L.Ed. 1154 (1950). *See also McGee v. International Life Insurance Co.*, 355 U.S. 220, 222–23, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957). The touchstone "remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King, supra*, 105 S.Ct. at 2183, *citing International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

With this guidance in mind, many courts, including the District of Columbia Court of Appeals, have found that defendants who sought legal counsel within a forum may be subject to personal jurisdiction in that forum for failure to pay legal fees. *See Mouzavires, supra*, 434 A.2d at 992, and cases cited therein; *Hummel v. Koehler*, 458 A.2d 1187 (D.C.App.1983).

Given that the Cosentinos purposefully availed themselves of legal counsel with expertise in government contracts law, they reasonably could have expected (and probably intended) that much of the legal work would have been performed in the District of Columbia. Thus it would not constitute unfair surprise to subject them to jurisdiction in this forum. *See Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). The fact that much of the legal work was performed in the District would constitute substantial contact with the forum, *Mouzavires, supra*, 434 A.2d at 997, as does the fact that the Cosentinos made several trips to the District to consult with plaintiffs about the case. *See Hummel, supra*, 458 A.2d at 1190. It was at those meetings, plaintiffs allege, that the fraudulent misrepresentations took place. Thus, the alleged fraud upon which plaintiffs seek to hold defendants individually liable arose out of contacts with this forum.

■ Defendants appear to confuse the issue of liability with the issue of jurisdictional facts. Defendants' argument that any contact with the forum was in their corporate and not their individual capacities is not relevant, as plaintiffs base their claims on defendants' individual liability. In order to overcome defendants' motion to dismiss for want of personal jurisdiction, plaintiffs need only make a *prima facie* showing that jurisdiction is conferred by the state long arm statute, and any pleadings and affidavits should be strongly construed against the moving party. *Goffe v. Blake*, 605 F.Supp. 1151, 1158 (D.Del.1985); 2 *Moore's Fed. Practice* ¶ 4.41–1[3], pp. 4–471–72. The Court finds they have met their burden. In light of the foregoing, and upon consideration of submissions of the parties and oral argument in open court, it is by the Court this 4th day of April, 1986.

ORDERED that the motion of defendants Dominick and Etrusca Cosentino to dismiss for want of personal jurisdiction be, and hereby is, denied.